UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| EMMANUEL ELDER, | ) | CASE NO. 1:13cv1799 |
| | ) | |
| Petitioner | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| -vs- | ) | |
| | ) | |
| STATE OF OHIO, | ) | MEMORANDUM OF OPINION |
| | ) | ORDER |
| | ) | |
| Respondent. | ) | |

Before the Court is *pro se* Petitioner Emmanuel Elder's above-captioned Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.[1] (Doc. No. 1.) Petitioner, who was incarcerated at the Lorain Correctional Institution ("LORCI") when he filed this Petition,[2] names the State of Ohio as Respondent. He seeks an Order vacating his conviction and expunging his record.. For the reasons outlined below, the Petition is dismissed as procedurally defaulted.

**Background**

Petitioner was indicted on November 15, 2012 on charges of Aggravated Menacing in the Municipal Court of Ashtabula County. *See Ohio v. Elder*, No. 12CRB01970 (Mun. Ct. Ashtabula

---

[1] The Petition was originally filed pursuant to 28 U.S.C. §2241, but Petitioner amended his pleading on October 23, 2013 to file it pursuant to 28 U.S.C. §2254. (Doc. No. 4.)

[2] Petitioner is presently incarcerated at Richland Correctional Institution in Mansfield, Ohio.

County)(Camplese, J.)  On November 20, 2012, Petitioner pleaded not guilty to the charge.  A bench trial was scheduled for December 13, 2012, but was later rescheduled to commence on November 29, 2012.

The opposing parties met in chambers with Judge Camplese on the scheduled trial date.  On the next day, Petitioner's attorney filed a Motion for Competency.  A Competency Hearing was held before the court on January 3, 2013.  Six days later, Petitioner appeared for a status conference and filed a *pro se* Motion to Dismiss, which Judge Camplese denied.  He also found Petitioner guilty of Aggravated Menacing and sentenced him to 180 days, with 50 days credited and 130 days suspended.

Petitioner appealed his Ashtabula County conviction on January 15, 2013.  Eleven months later, the following entry was placed on the docket:

> APPELLANT, EMMANUEL ELDER'S APPEALS WERE PREVIOUSLY DISMISSED ON 5-20-13, FOR FAILURE TO PROSECUTE. UPON REQUEST OF APPELLANT, THE APPEALS WERE REINSTATED ON 9-17-13, WITH INSTRUCTIONS FOR APPELLANT TO FILE HIS BRIEF W/IN 20 DAYS OF THE DATE OF THAT ENTRY. NO BRIEF HAS BEEN FILED ON BEHALF OF APPELLANT TO DATE. HOWEVER, ON 10-21-13, APPELLANT FILED A PRO SE NOTICE TO WITHDRAW REQUEST TO REOPEN APPEALS. THE APPEALS ARE HEREBY DISMISSED AT THE REQUEST OF APPELLANT AND FOR FAILURE TO PROSECUTE. IT IS SO ORDERED. ADMIN. JUDGE TIMOTHY P. CANNON

*Id.* (J.E. of 11/17/13.)  For reasons that are not disclosed in the pleading before this Court, Petitioner voluntarily dismissed his pending appeal shortly before he filed his Petition in this Court.

**Standard of Review**

A federal court may entertain a habeas petition filed by a person in state custody only on the

-2-

ground his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court undertakes a preliminary review of a habeas petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." If, after preliminary consideration, the Court determines the Petitioner is not entitled to relief, it must summarily dismiss the petition. *See Clark v. Waller*, 490 F.3d 551 (6th Cir.2007) (affirming district court's summary dismissal of habeas petition).

*Exhaustion*

A person in state custody seeking habeas relief must have exhausted all available state remedies. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). The United States Court of Appeals for the Sixth Circuit has determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the petitioner give the state courts the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. To determine whether a petitioner has "fairly presented" a federal constitutional claim to the state courts, a district court must consider whether the petitioner: (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional

right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub*, 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Thus, for the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). And, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id*.

Petitioner, for reasons he has not explained to this Court, has failed to fully appeal his claims in the Ohio courts. Thus, he has failed to fairly present his claims. A prisoner who fails to fairly present his claims to the state courts is procedurally barred from pursuing relief. In this instance, the Petition should not be dismissed for lack of exhaustion, however, because there are simply no remedies available for him to exhaust. *Hannah v. Conley*, 49 F.3d 1193, 1195-1196 (6th Cir.1995).

The procedural default doctrine serves to bar review of federal claims that a state court can no longer or declines to address because the petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). Therefore, a claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. The cause and prejudice requirement may be excused in the

extraordinary case "where a constitutional violation has probably resulted in the conviction of one who is actually innocent...." *Id*. at 1196, fn. 3 (citing *Murray v. Carrier*, 106 S.Ct. 2639, 2649 (1986)).

To allege "cause" only requires a legitimate excuse for the default. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986). Here, the record reveals Petitioner failed to prosecute his first appeal. The court reopened that appeal and provided additional time for him to respond. Petitioner failed to comply with the court's order and, instead, voluntarily withdrew his appeal. Moreover, he does not attempt to argue any cause for procedurally defaulting his claim. Nor does he claim he is actually innocent or otherwise entitled to extraordinary relief. Without more, the Court cannot address any prejudice that may result. Thus, where a claim was not so evaluated, either because it was never presented to the state courts (i.e., exhausted) or because it was not properly presented to the state courts (i.e., were procedurally defaulted), it is not cognizable on federal habeas review.

## Conclusion

Based on the foregoing, the Petition for Writ of Habeas Corpus is dismissed as procedurally

defaulted. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

    IT IS SO ORDERED.

                                            s/ Christopher A. Boyko
                                            CHRISTOPHER A. BOYKO
                                            UNITED STATES DISTRICT JUDGE

DATED: December 3, 2013

---

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."